UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MIRABAI SIMON,

                                   Plaintiff,

               -against-

CITY OF NEW YORK, POLICE OFFICER ISIDRO
CARRION and POLICE OFFICER JANICE
MARSHALL,

                                   Defendants

----------------------------------------------------------------X

**ANSWER**

08CV5231  (JSR) (DCF)

JURY TRIAL DEMANDED

          Defendant City of New York, Police Officer Isidro Carrion and Police Officer Janice Marshall, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

          1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

          2.  Deny the allegations set forth in paragraph "2" of the Complaint.

          3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

          4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

          5.  Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the City on October 19, 2007.

6.   Deny the allegations set forth in paragraph "6" of the Complaint, except admit that no payment has been made by the City of New York.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that a Summons and Complaint was filed on or about June 6, 2008.

8.   Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint..

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Police Officer Carrion is employed by the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Police Officer Marshall is employed by the New York City Police Department.

12. Paragraph "12" of the Complaint contains a conclusion of law to which no response is required.

13. Paragraph "13" of the Complaint contains a conclusion of law to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the Complaint,.

15. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Paragraph "37" of the Complaint does not allege averments of fact to which a response is required.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Paragraph "43" of the Complaint does not allege averments of fact to which a response is required.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Paragraph "50" of the Complaint does not allege averments of fact to which a response is required.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint, including all of its subparts.

53. Deny the allegations set forth in paragraph "53" of the Complaint, including all of its subparts.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs, inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Paragraph "69" of the Complaint is a jury demand and does not set forth an averment for which a response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

70. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

71. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

73. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74. There was probable cause for the plaintiff's arrest, detention and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

76. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

77. Defendant Carrion and Marshall have not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE:

78. At all times relevant to the acts alleged in the complaint, defendants Carrion and Marshall acted reasonably in the proper and lawful exercise of their discretion.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE:

79. Plaintiffs have not have satisfied all conditions precedent to suit.

## AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE:

80. Officers Marshall and Carrion were improperly served with process.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             August 7, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorneys for Defendant City of New York, Isidro Carrion and Janice Marshall
                        100 Church Street
                        New York, New York 10007
                        (212) 788-9580

                By:    /s/_____
                        Afsaan Saleem
                        Senior Counsel

TO:  Jennifer L. Smith, Esq. (By ECF)

Index No.  08CV5231  (JSR) (DCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MIRABAI SIMON,<br><br>                              Plaintiff,<br><br>                -against-<br><br>CITY OF NEW YORK, POLICE OFFICER<br>ISIDRO CARRION and POLICE OFFICER<br>JANICE MARSHALL,<br><br>                          Defendants |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Afsaan Saleem*<br>*Tel:  (212) 788-9580*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................. , 2007..*<br><br>*......................................................................... Esq.*<br><br>*Attorney for ..............................................................* |